MGD/DGR:PJC
F. #2022R00128

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   - against -

MANLING SHEN,
      also known as "Mary Shen,"

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**Filed Under Seal**
File Date: November 7, 2022
Case Number: 22-cr-502
Judge Nina Morrison
Magistrate Judge Roanne L. Mann

I N D I C T M E N T

Cr. No. _____
(T. 18, U.S.C., §§ 371, 982(a)(7),
 982(b)(1), 1349 and 3551 et seq.; T. 21,
 U.S.C., § 853(p))

THE GRAND JURY CHARGES:

INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

I.    Medicaid

       1.    Medicaid was a federal and state health care program providing benefits to individuals and families who met specified financial and other eligibility requirements, and certain other individuals who lacked adequate resources to pay for medical care.  The Centers for Medicare and Medicaid Services, a federal agency under the United States Department of Health and Human Services, was responsible for overseeing Medicaid in participating states, including New York State.  Individuals who received benefits under Medicaid were referred to as "recipients."

       2.    Medicaid was a "health care benefit program," as defined by Title 18, United States Code, Section 24(b) and referenced in Title 18, United States Code, Section 1347, and Title 42, United States Code, Section 1320a-7b.

3. Medicaid was a health and long-term care coverage program jointly financed by states and the federal government pursuant to the Social Security Act of 1965. Each state established and administered its own Medicaid program and determined the type, amount, duration and scope of services covered within broad federal guidelines.

4. Medicaid covered the costs of medical services and products ranging from routine preventive medical care for children to institutional care for the elderly and disabled. Service providers were authorized to submit claims to Medicaid only for services they actually rendered and were required to maintain patient records verifying the provision of services. By submitting a claim, the provider certified, among other things, that the services were rendered to the patient and were medically necessary, and were not rendered as a result of kickbacks or bribes.

5. Medicaid, in New York State ("New York Medicaid"), was administered by the New York State Department of Health (the "New York DOH"). The New York DOH had approved certain Managed Long Term Care ("MLTC") plans to provide managed care to New York Medicaid recipients with long-lasting health issues or disabilities. Each MLTC plan had its own network of health care providers. New York Medicaid managed care providers who were within an MLTC network did not bill Medicaid directly, but instead billed the MLTC plan for services provided to its recipients.

6. New York Medicaid MLTC services included "social adult day care" services, which were services provided pursuant to a structured program that offered older adults with functional impairments socialization, supervision, personal care and nutrition services in a protective setting.

II. <u>The Defendant and Relevant Entity</u>

7. The defendant MANLING SHEN, also known as "Mary Shen," was an employee of Blue Sky Adult Day Care, Inc. ("Blue Sky"), located in Flushing, New York, and was a resident of Flushing, New York.

8. Blue Sky was registered as a New York Medicaid managed care provider and was a provider of social adult day care services for at least five New York Medicaid MLTC plans.

III. <u>The Health Care Fraud and Kickback Conspiracies</u>

9. In or about and between December 2021 and November 2022, the defendant MANLING SHEN, together with others, agreed to execute and executed a scheme to enrich themselves whereby they submitted claims to New York Medicaid for social adult day care services that were not provided to New York Medicaid recipients who had enrolled with Blue Sky to receive such services, were not provided in the manner and quantity in which they were billed and were provided in connection with illegal kickbacks and bribes.

10. In particular, the defendant MANLING SHEN, together with others, submitted and caused to be submitted false and fraudulent claims to New York Medicaid for services purportedly provided to New York Medicaid recipients on particular dates. In reality, the services for which claims were submitted were frequently not provided to the recipients at all, and in other cases were not provided as billed.

11. As part of the scheme, the defendant MANLING SHEN, together with others, regularly paid illegal kickbacks and bribes in the form of United States currency to New York Medicaid recipients in exchange for the ability to bill New York Medicaid for the recipients' visits to Blue Sky. At least some of the New York Medicaid recipients who received

cash kickbacks did not actually visit Blue Sky on some or all of the dates of the visits that were billed and did not receive the services as Blue Sky represented to New York Medicaid.

## COUNT ONE
(Conspiracy to Commit Health Care Fraud)

12. The allegations contained in paragraphs one through 11 are realleged and incorporated as if fully set forth in this paragraph.

13. In or about and between December 2021 and November 2022, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant MANLING SHEN, also known as "Mary Shen," together with others, did knowingly and willfully conspire to execute a scheme and artifice to defraud New York Medicaid, a health care benefit program as that term is defined under Title 18, United States Code, Section 24(b), and to obtain, by means of one or more materially false and fraudulent pretenses, representations and promises, money and property owned by, and under the custody and control of, New York Medicaid, in connection with the delivery of a payment for health care benefits, items and services, contrary to Title 18, United States Code, Section 1347.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

## COUNT TWO
(Conspiracy to Pay Health Care Kickbacks)

14. The allegations contained in paragraphs one through 11 are realleged and incorporated as if fully set forth in this paragraph.

15. In or about and between December 2021 and November 2022, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant MANLING SHEN, also known as "Mary Shen," together with others, did knowingly and willfully conspire to offer and pay remuneration, directly and indirectly, overtly and covertly, in cash and in kind, to one or more New York Medicaid recipients to induce those New

York Medicaid recipients to purchase, lease, order and arrange for and recommend purchasing, leasing and ordering goods, facilities, services and items for which payment may have been made in whole and in part under New York Medicaid, which was a federal health care program, contrary to Title 42, United States Code, Section 1320a-7b(b)(2)(B).

16. In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendant MANLING SHEN, also known as "Mary Shen," together with others, committed and caused the commission of, among others, at least one of the following:

OVERT ACTS

(a) On or about January 6, 2022, SHEN provided United States currency in the amount of $770.00 to Individual-1, a New York Medicaid recipient whose identity is known to the Grand Jury.

(b) On or about June 8, 2022, SHEN provided United States currency in the amount of $980.00 to Individual-1.

(c) On or about August 8, 2022, SHEN provided United States currency in the amount of $1,000.00 to Individual-1.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATIONS

17. The United States hereby gives notice to the defendant that, upon her conviction of either of the offenses charged herein, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(7), which requires any person convicted of a federal health care offense to forfeit property, real or personal, that constitutes, or

6

is derived directly or indirectly from, gross proceeds traceable to the commission of such offenses.

    18. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b)(1), to seek forfeiture of any

other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(7) and 982(b)(1); Title 21, United States Code, Section 853(p))

*By Assistant U.S. Attorney Carolyn Pokorny*

---

BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

*Glen S. Leon /PJC*

---

GLENN S. LEON
CHIEF, FRAUD SECTION
CRIMINAL DIVISION
U.S. DEPARTMENT OF JUSTICE

A TRUE BILL

*Deighton Reid*

---

Foreperson

F. #2022R00128

No.

---

### UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

---

THE UNITED STATES OF AMERICA

*vs.*

MANLING SHEN,
*also known as "Mary Shen,"*

Defendant.

---

### INDICTMENT

(T. 18, U.S.C., §§ 982(a)(7), 982(b)(1), 371, 1349 and 3551 et seq.;
T. 21, U.S.C., § 853(p))

---

*Filed in open court this* _____ *day,*

*of* _____ A.D. 20 _____

_____
　　　　　　　　　　　　　　　　　　*Clerk*

Bail, $ _____  *Dighton Reid*

---

*Patrick J. Campbell, DOJ Trial Attorney (718) 254-6366*